J-S03014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FRAZIER CISCO GRACE :
:
Appellant : No. 680 WDA 2020

Appeal from the PCRA Order Entered June 16, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015667-2005

BEFORE: DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY DUBOW, J.: **FILED FEBRUARY 17, 2021**

Frazier Cisco Grace ("Appellant") appeals *pro se* from the Order dismissing his eleventh Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because Appellant has failed to satisfy any of the timeliness exceptions provided in Section 9545(b)(1), this Court is without jurisdiction to review the merits of this Appeal. We, thus, affirm.

On February 14, 2007, a jury found Appellant guilty of Rape, Kidnapping, and related offenses after a trial in which Appellant represented himself. On May 14, 2007, the court sentenced Appellant, then represented by counsel, to an aggregate term of 234 to 468 months' incarceration. Appellant filed a *pro se* Post-Sentence Motion on June 7, 2007, requesting the

_____

[*] Retired Senior Judge assigned to the Superior Court.

appointment of appellate counsel. The court appointed counsel on July 2, 2007.

The trial court subsequently reinstated Appellant's appellate rights *nunc pro tunc*, and Appellant filed a direct appeal. This Court affirmed the Judgment of Sentence and our Supreme Court denied allowance of appeal on May 12, 2012. ***See Commonwealth v. Frazier Cisco Grace***, No. 1079 WDA 2010 (Pa. Super. filed June 10, 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012) (*table*). Appellant did not seek review by the U.S. Supreme Court. His Judgment of Sentence, thus, became final on August 11, 2012. ***See*** 42 Pa.C.S. § 9545(b)(3); ***see also*** U.S.Sup.Ct.R. 13.

Appellant thereafter filed ten PCRA Petitions, none of which garnered relief. Appellant filed the instant *pro se* Petition on February 20, 2020, asserting, *inter alia*, that the trial court failed to appoint counsel to file a post-sentence motion and that subsequently appointed counsel failed to raise this failure. The PCRA court filed a Notice of Intent to Dismiss without a hearing on February 27, 2020, to which Appellant responded on March 25, 2020. The PCRA dismissed the Petition on June 16, 2020.

Appellant timely filed a Notice of Appeal. The PCRA court filed an Opinion in support of its Order on August 27, 2020. The court did not order Appellant to file a Rule 1925(b) Statement.

Appellant presents four issues for our review asserting alleged failures of the trial court that occurred in 2007 and the ineffective assistance of four appointed post-sentence counsel between the years 2007 and 2010. ***See***

Appellant's Brief at 4-5. He contends the court's failures comprise governmental interference that resulted in prejudice to him.

Before we may address the issues raised in a PCRA Petition, we must determine whether we have jurisdiction. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). The timeliness of a PCRA Petition implicates our courts' jurisdiction. *Id*. Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed 8 years after his Judgment of Sentence became final, is patently untimely.

Courts may review petitions filed outside of the one-year window, however, if the petitioner pleads and proves one of the timeliness exceptions provided in Section 9545(b)(1)(i)-(iii). Any petition invoking the timeliness exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Claims of ineffective assistance of counsel do not serve as a PCRA timeliness exception. *Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 785 (Pa. 2000).

Appellant asserts that his claims fell within the PCRA's governmental interference exception. 42 Pa.C.S. § 9545(b)(1)(i). To establish jurisdiction under this exception, a petitioner must plead and prove that his "failure to raise the claim was the result of interference by government officials with the presentation of the claim." 42 Pa.C.S. § 9545(b)(1)(i).

Here, Appellant asserts, *inter alia*, that the court committed governmental interference in 2007 "when they denied counsel to file post-sentence motions *per* Rule 720," thus, depriving him of his right to counsel at a critical stage. Appellant's Br. at 7. Appellant does not inform us of what interference by government officials prevented him from presenting this claim in 2007 or at any other time before February 2020. Moreover, since Appellant was aware of this alleged denial of counsel in 2007, his assertion of the claim 13 years later does not satisfy Section 9545(b)(2)'s requirement that it be filed within one year of the date when it could be presented. 42 Pa.C.S. § 9545(b)(2).[1]

Since Appellant failed to plead and prove a valid exception to the PCRA's timeliness requirements, Appellant's petition is time-barred. Thus, this Court, like the PCRA court, is without jurisdiction to offer Appellant any form of relief. We affirm the Order dismissing Appellant's Petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2021

---

[1] The PCRA court concluded that Appellant's argument was meritless because "his Post-Sentence Motion under Pa.R.Crim. 720 was addressed when the Petitioner's appellate rights were reinstated *nunc pro tunc* on June 16, 2010." PCRA Ct. Op., dated Aug. 27, 2020, at 6.